IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00655-STV

ROBERT A. NAPPI,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.
_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

    This matter is before the Court on Plaintiff Robert A. Nappi's Complaint seeking review of the Commissioner of Social Security's decision denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. § 401 *et seq.* [#1] The parties have both consented to proceed before this Court for all proceedings, including the entry of final judgment, pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. [#14] The Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). This Court has carefully considered the Complaint [#1], the Social Security Administrative Record [#10], the parties' briefing [##17-19], and the applicable case law, and has determined that oral argument would not materially assist in the disposition of this appeal. For the following reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** for further proceedings.

## I. LEGAL STANDARD

### A. Five-Step Process for Determining Disability

The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[1] 42 U.S.C. § 423(d)(1)(A); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just his underlying impairment." *Lax*, 489 F.3d at 1084. "In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility . . ., the Commissioner [ ] shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity." 42 U.S.C. § 423(d)(2)(B).

"The Commissioner is required to follow a five-step sequential evaluation process to determine whether a claimant is disabled." *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005). The five-step inquiry is as follows:

1. The Commissioner first determines whether the claimant's work activity, if any, constitutes substantial gainful activity;

---

[1] "Substantial gainful activity" is defined in the regulations as "work that (a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit." 20 C.F.R. § 404.1510; *see also* 20 C.F.R. § 404.1572.

2. If not, the Commissioner then considers the medical severity of the claimant's mental and physical impairments to determine whether any impairment or combination of impairments is "severe;"[2]

3. If so, the Commissioner then must consider whether any of the severe impairment(s) meet or exceed a listed impairment in the appendix of the regulations;

4. If not, the Commissioner next must determine whether the claimant's residual functional capacity ("RFC")—*i.e.*, the functional capacity the claimant retains despite his impairments—is sufficient to allow the claimant to perform his past relevant work, if any;

5. If not, the Commissioner finally must determine whether the claimant's RFC, age, education and work experience are sufficient to permit the claimant to perform other work in the national economy.

*See* 20 C.F.R. § 404.1520(a)(4); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005); *Bailey v. Berryhill*, 250 F. Supp. 3d 782, 784 (D. Colo. 2017). The claimant bears the burden of establishing a *prima facie* case of disability at steps one through four, after which the burden shifts to the Commissioner at step five to show that the claimant retains the ability to perform work in the national economy. *Wells v. Colvin*, 727 F.3d 1061, 1064 n.1 (10th Cir. 2013); *Lax*, 489 F.3d at 1084. "A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis." *Ryan v. Colvin*, 214 F. Supp. 3d 1015, 1018 (D. Colo. 2016) (citing *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991)).

B. **Standard of Review**

In reviewing the Commissioner's decision, the Court's review is limited to a determination of "whether the Commissioner applied the correct legal standards and whether her factual findings are supported by substantial evidence." *Vallejo v. Berryhill*,

---

[2] The regulations define severe impairment as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c).

849 F.3d 951, 954 (10th Cir. 2017) (citing *Nguyen v. Shalala*, 43 F.3d 1400, 1402 (10th Cir. 1994)). "With regard to the law, reversal may be appropriate when [the Commissioner] either applies an incorrect legal standard or fails to demonstrate reliance on the correct legal standards." *Bailey*, 250 F. Supp. 3d at 784 (citing *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir.1996)).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (quoting *Lax*, 489 F.3d at 1084). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Grogan*, 399 F.3d at 1261-62 (quoting *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992)). The Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the [Commissioner's] findings in order to determine if the substantiality test has been met.'" *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (quotation omitted). The Court, however, "will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Hackett*, 395 F.3d at 1172.

## II. BACKGROUND

Plaintiff was born in 1964. [AR 133][3] Plaintiff completed high school and a little bit of college. [AR 32] Plaintiff can communicate in English. [AR 160] On or about March 26, 2015, Plaintiff filed a Title II application for DIB. [AR 133-34; *see also* 158-59] Plaintiff claimed a disability onset date of June 1, 2011. [AR 133, 158] Thus Plaintiff was 56

---

[3] All references to "AR" refer to the sequentially numbered Social Security Administrative Record filed in this case. [#10]

4

years old at the time of the alleged onset. [*See id.*] Plaintiff claims disability based upon the following impairments: degenerative disc disease, hearing problems, and post-traumatic stress disorder ("PTSD"). [AR 161] Plaintiff worked as an installer of epoxy castings from 2000 through the alleged onset date. [AR 162] Plaintiff had some sporadic work since the alleged onset date, but stated that he had to leave that work because he could not keep up physically. [AR 35]

### A. Medical Background

Plaintiff suffers from several physical ailments.[4] He testified that he has lower back pain and sciatica. [AR 49] Every few months, Plaintiff will throw his back out and then is incapacitated for approximately three days. [*Id.*] Medical records reveal mild or moderate degenerative changes in Plaintiff's wrist, hip, and spine. [AR 22 (collecting records)] Physical examinations have revealed tenderness of the lumbar spine and sacroiliac ("SI") joint, as well as decreased sensation in the right upper extremity, decreased range of motion in the lumbar spine, and a mildly antalgic gait. [*Id.*] Plaintiff has limited dexterity in his left, dominant hand, due to sequelae from a cat bite and subsequent infection. [AR 21] Plaintiff also has hepatitis C. [*Id.*]

In addition to these physical ailments, Plaintiff also suffers from PTSD, depression, polysubstance abuse disorder, and anxiety disorder. [AR 17] Plaintiff's PTSD was the result of his military service and time in Vietnam. [AR 45-46] Records from the Denver Veterans Affairs Medical Center ("VAMC") characterize Plaintiff's PTSD as "chronic." [AR 209, 217, 222] Plaintiff received mental health treatment at the VAMC in 2012 and 2013.

---

[4] Because the ALJ's error occurred in assessing Plaintiff's mental impairments, the Court only briefly describes Plaintiff's physical impairments and limitations.

5

[AR 300-12] In treatment, Plaintiff endorsed flashbacks and hyperarousal symptoms, and explained that he was "always wary and on guard." [AR 307] He explained that he was "guilt ridden from his covert operations" [*id.*], and he wept while talking about his combat experience [AR 309]. He indicated that he self-medicated with drugs and alcohol [AR 306], and the medical records reflect a history of alcohol and drug abuse, including marijuana and cocaine usage [AR 207, 221, 303]. A mental health evaluation note from November 14, 2012 indicates that Plaintiff exhibited symptoms of a major mental illness. [AR 307]

B.   **Procedural History**

Plaintiff's application for DIB was initially denied on August 25, 2015. [AR 75] On September 4, 2015, Plaintiff filed a request for a hearing before an ALJ. [AR 78] A hearing was held before ALJ Scott Bryant on June 27, 2017, at which Plaintiff and vocational expert ("VE") Martin Rauer both testified. [AR 29-63, 189] Plaintiff was represented by counsel. [AR 29-55]

On September 28, 2017, the ALJ issued a decision denying Plaintiff benefits. [AR 15-25] Plaintiff timely requested a review of that decision by the Appeals Council [AR 9], which denied his request for review on January 19, 2018 [AR 1-3]. Plaintiff timely filed an appeal with this Court on March 20, 2018. [#1] Because the Appeals Council denied Plaintiff's appeal, the ALJ's decision is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

C.   **The ALJ's Decision**

The ALJ denied Plaintiff's applications for DIB after evaluating the evidence pursuant to the five-step sequential evaluation process. [AR 15-25] At step one, the ALJ

6

determined that Plaintiff had not engaged in substantial gainful activity between June 1, 2011, the alleged onset date, and March 31, 2014, the date of last insured. [AR 17] At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, degenerative changes of the hip, peripheral neuropathy, and fibrosis of the liver with associated hepatitis C. [AR 17-19] At step three, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically exceeds the severity of one of the listed impairments in the appendix of the regulations. [AR 20]

Following step three, the ALJ determined that Plaintiff retained the RFC to perform "medium work" as defined in 20 C.F.R. § 404.1567(c), but with the following limitations:

> [Plaintiff] can perform work requiring up to one year of time to learn techniques, acquire information, and develop the facility needed for an average job performance; can frequently handle, finger, and feel with the dominant left upper extremity; is limited to standing and walking for six hours out of an eight hour workday and sitting for six hours out of an eight hour work day; however, every two hours he must have a break of at least five minutes. [Plaintiff] cannot have exposure to ropes, ladders, or scaffolds; can occasionally climb ramps and stairs; and can frequently stoop, kneel, crouch, and crawl.

[*Id.* (emphasis omitted)]

At step four, the ALJ found that Plaintiff could perform past relevant work as a construction worker as he performed that job. [AR 24] In reaching that conclusion, the ALJ agreed with the VE's testimony that "someone with [Plaintiff's] vocational profile and [RFC] would be capable of performing [Plaintiff's] past relevant work as a construction worker as that job was actually performed." [*Id.*] Accordingly, the ALJ determined that Plaintiff was not under a disability from June 1, 2011 through March 31, 2014, the date of last insured. [AR 25]

7

## III. ANALYSIS

Plaintiff raises two challenges to the ALJ's decision on appeal. First, Plaintiff contends that the ALJ erred by failing to consider all of Plaintiff's medically determinable impairments, particularly his mental health impairments, in the RFC analysis. [#17 at 4-8] Second, Plaintiff argues that the ALJ erred by relying on his own determinations in assessing Plaintiff's mental health when further development of the record was required. [*Id.* at 8-10] Because the Court agrees that the ALJ erred by failing to consider Plaintiff's mental health impairments at stage four of the analysis, and that such failure requires reversal and remand, the Court does not reach Plaintiff's alternative argument.

### A. The ALJ's Consideration of Plaintiff's Medically Determinable Impairments

As explained above, at step two, the Commissioner determines whether a claimant has any severe physical or mental impairments. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). "To find a 'severe' impairment at step two requires only a threshold showing that the claimant's impairment has 'more than a minimal effect on [her] ability to do basic work activities.'" *Covington v. Colvin*, 678 F. App'x 660, 664 (10th Cir. 2017) (quoting *Williams*, 844 F.2d at 751). When evaluating the severity of mental impairments, the Commissioner follows a two-part analysis. *Wells*, 727 F.3d at 1068 (citing 20 C.F.R. §§ 404.1520a(a), 416.920a(a)). First, the ALJ must decide whether the claimant has a medically determinable mental impairment. *Id.* (citing 20 C.F.R. §§ 404.1520a(b)(1), 416.920a(b)(1)). Next, the ALJ "must . . . rate the degree of the functional limitation resulting from" any such impairments "in four broad functional areas:" understand,

remember or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. *Id.*; 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3).[5]

Here, at step two, the ALJ concluded that Plaintiff's medically determinable mental impairments included PTSD, depression, polysubstance abuse disorder, and anxiety disorder. [AR 17] The ALJ concluded that these mental impairments caused: (1) no limitation in memory, understanding, or applying information; (2) mild limitation in Plaintiff's ability to interact with others; (3) mild limitation in concentration, persistence, or completing tasks; and (4) no limitation in Plaintiff's ability to adapt or manage himself. [AR 19] In reaching that conclusion, the ALJ gave "great weight" to the opinion of the state agency psychologist, who reviewed the file and opined that Plaintiff had "mild limitation in sustaining concentration, persistence and pace and social functioning, and no limitation in any other area of functioning." [AR 18] At step two, the ALJ concluded that Plaintiff's mental impairments "did not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and were therefore non[-]severe." [AR 17-18]

That conclusion at step two, however, should not have ended the ALJ's analysis of Plaintiff's mental impairments. Even if the ALJ ultimately finds "that a claimant's medically determinable mental impairments are 'not severe,'" he generally must "further consider and discuss them as part of his [RFC] analysis at step four." *Wells*, 727 F.3d at 1064 (citing 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2)). In other words, "the

---

[5] Effective January 17, 2017, the regulations were updated, slightly modifying the four functional areas in effect at the time of the *Wells* decision. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66,138-01 (Sept. 26, 2016). Accordingly, the ALJ applied the four functional areas from the modified versions of 20 C.F.R. §§ 404.1520a(c)(3) and 416.920a(c)(3) in conducting his analysis.

Commissioner's procedures do not permit the ALJ to simply rely on his finding of non-severity as a substitute for a proper RFC analysis."[6]  *Id.* at 1065 (citing SSR 96-8p, 1996 WL 374184, at *4 (July 2, 1996)).

Here, the ALJ's analysis violated this prohibition.  Following step two, the ALJ's only mention of Plaintiff's mental impairments is in a paragraph summarizing Plaintiff's history of medical impairments:

> [Plaintiff] has not used drugs since about 2009.  He got caught using cocaine.  [Plaintiff] currently takes 10MG of oxycodone a day.  He eats marijuana edibles at night.  [Plaintiff] has PTSD from traumatic war experiences.  He was in Vietnam in 1974.

[AR 21]  But, the ALJ did not discuss how Plaintiff's PTSD and polysubstance abuse disorder impacted the RFC, and did not even mention Plaintiff's depression and anxiety disorder.  "Without any discussion of Plaintiff's [mental impairments] in [his] RFC, the court cannot conclude that the ALJ properly considered th[ese] impairment[s], singly and in combination with [Plaintiff's] other impairments, thereby necessitating remand of this matter to the ALJ."[7]  *Berg v. Berryhill*, No. 16-cv-02718-NYW, 2018 WL 276280, at *9 (D.

---

[6] Notwithstanding the general rule, an ALJ may "of course, find at step two that a medically determinable impairment posed *no* restriction on the claimant's work activities." *Wells*, 727 F.3d at 1065 n.3 (citing 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4)).  Such a finding that the claimant has no limitation in any of the four functional areas "obviate[s] the need for further analysis at step four." *Id.*  But, here, as detailed above, the ALJ found that Plaintiff's mental impairments caused mild limitations in two of the four functional areas [AR 19], and thus further analysis was required at step four.

[7] Nor does it suffice for the ALJ to simply parrot the statement that he "has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" [AR 20].  *Willcoxon v. Berryhill*, No. 17-cv-01248, 2018 WL 2998894, at *3 (D. Colo. June 15, 2018) ("[The ALJ's] boilerplate statement that he 'considered all symptoms' when formulating the RFC is not enough to remedy his failure to actually discuss [the plaintiff's] alleged mental disorders."); *Berg v. Berryhill*, No. 16-cv-02718-NYW, 2018 WL 276280, at *9 (D. Colo. Jan. 3, 2018) (finding it insufficient for "the ALJ to merely state, 'the undersigned has

Colo. Jan. 3, 2018). *See also Trujillo v. Soc. Sec. Admin.,* No. 17-cv-1590-WJM, 2018 WL 4599690, at *5 (D. Colo. Sept. 25, 2018) (finding error and reversing where ALJ gave great weight to medical opinion finding mild limitations in concentration, persistence, and pace at step two, yet failed to address those limitations in the step four RFC analysis); *Troe v. Berryhill,* No. 16-cv-02794-MEH, 2017 WL 2333101, at *8 (D. Colo. May 30, 2017) (finding error and reversing where evidence of non-severe mental impairment existed, but ALJ did not discuss those impairments after step two); *Prosser v. Colvin,* No. 14-cv-01964-RM, 2015 WL 5996376, at *6 (D. Colo. Oct. 14, 2015) (finding reversible error where ALJ found medically determinable, but non-severe mental impairments, then failed to discuss those mental impairments in her RFC analysis); *Garcia v. Colvin,* No. 13-cv-01353-RBJ, 2014 WL 3953139, at *9 (D. Colo. Aug. 13, 2014) (ALJ's finding that plaintiff had some medically determinable mental issues that caused mild impairment "required the ALJ to include those impairments in his RFC analysis.").

The Commissioner argues that the ALJ "considered [Plaintiff's PTSD] in addition to Plaintiff's physical impairments to find that he could perform a reduced range of medium work that could be learned in one year or less and to find that Plaintiff could return to his former job as a foreman." [#18 at 5] Similarly, the Commissioner argues that the ALJ's finding of "mild limitation" does not necessarily equate to a specific functional limitation in the RFC finding. [*Id.* at 7] The problem, however, is that the ALJ does not provide any explanation for how he concluded that Plaintiff's mild limitations did not impact the RFC, such that Plaintiff could perform a reduced range of medium work.

---

thoroughly considered and factored in all of the above medically determinable impairments . . . when formulating the [RFC] set forth in this decision'").

11

And although the Court does not demand "technical perfection" by the Commissioner, the ALJ's decision must allow the Court to "follow the adjudicator's reasoning . . . and [ ] determine that correct legal standards have been applied." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The ALJ's decision does not allow the Court to conduct such an analysis, and therefore the Court must reverse the ALJ's decision.

**B.     Plaintiff's Request for Remand with an Immediate Award of Benefits**

Plaintiff requests that the Court "[f]ind that plaintiff is entitled to disability benefits under the provisions of the [SSA]." [#17 at 10] "Outright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose." *Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) (quotation omitted). Where, as here, "the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand." *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989). The Court thus declines Plaintiff's request that the Court find he is entitled to benefits.

**IV.     CONCLUSION**

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **REVERSED** and this matter is **REMANDED** for further proceedings consistent with this Order.

DATED: November 14, 2018

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge